J. Christopher Jensen, Esq.
Cowan, Liebowitz & Latman, P.C.
1133 Avenue of the Americas
New York, N.Y. 10036-6799
 (212) 790-9200

Attorneys for Defendants

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------- x

VAAD L'HAFOTZAS SICHOS, INC. and
ZALMAN CHANIN, on behalf of themselves and
the entire Chabad-Lubavitcher Chasdic Community,
                              Plaintiffs,

          -against-

CHAIM YEHUDAH KRINSKY, YOSSEF B.
FRIEDMAN, MERKOS L'INYONEI CHINUCH,
INC., CHASIDEI CHABAD OF THE UNITED
STATES and "JOHN DOES 1-10"
                              Defendants.

-------------------------------------------------------------- x

Civil Action No.   11 CIV. 5658
(FB)(JO)

**ANSWER AND COUNTERCLAIM**

Defendants, by their undersigned attorneys, answer the Complaint as follows:

Defendants object to the unnumbered paragraphs set forth in the Complaint under the captions "Nature of the Action" and "Introduction" that fail to meet the requirements of Rule 10(b) of the Federal Rules of Civil Procedure and therefore cannot be answered herein.  Without waiving such objection, Defendants deny the allegations contained in such unnumbered paragraphs.

1.    Admit the allegations contained in paragraph 1 of the Complaint.

2.    Admit the allegations contained in paragraph 2 of the Complaint.

3.      Admit the allegations of paragraph 3 of the Complaint as to the individually named defendants.

4.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint.

5.      Admit the allegations contained in paragraph 5 of the Complaint.

6.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.

7.      Admit the allegations contained in paragraph 7 of the Complaint except states that Merkos L'Inyonei Chinuch, Inc. was merged into Merkos L'Inyonei Chinuch a New York religious corporation in 2011.

8.      Admit the allegations contained in paragraph 8 of the Complaint.

9.      Admit the allegations contained in paragraph 9 of the Complaint.

10.     Deny the allegations contained in paragraph 10 of the Complaint.

11.     Admit the allegations contained in paragraph 11 of the Complaint.

12.     Admit the allegations contained in paragraph 12 of the Complaint.

13.     Admit the allegations contained in paragraph 13 of the Complaint.

14.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint.

15.     Deny the allegations contained in paragraph 15 of the Complaint except admit that the Previous Rebbe formed Agudas as a religious corporation under the laws of the State of New York in 1940.

16.     Admit the allegations contained in paragraph 16 of the Complaint except state that Defendants believe that all members of the Chabad Lubavitch movement consider the Rebbe to be their spiritual leader.

17.     Admit the allegations contained in paragraph 17 of the Complaint.

18.     Admit the allegations contained in paragraph 18 of the Complaint except states that Agudas was incorporated in 1940 as a religious corporation under the laws of New York.

19.     Admit the allegations contained in paragraph 19 of the Complaint except state that Machne Israel, Inc. was incorporated in 1943 as a not-for-profit corporation and was subsequently merged in 1994 into Machne Israel, a religious corporation which had been organized under the laws of New York in 1954.

20.     Admit the allegations contained in paragraph 20 of the Complaint except refer the Court to the Certificate of Incorporation and to the minutes of the First Meeting of the Board of Directors of Merkos for a full and accurate statement of the purposes for which Merkos was formed.

21.     Admit the allegations contained in paragraph 21 of the Complaint except state that since 1942 the Kehot Publication Society has been operated as a division of the Merkos L'Inyonei Chinuch or its predecessor Merkos L'Inyonei Chinuch, Inc.

22.     Admit the allegations contained in paragraph 22 of the Complaint.

23.     Deny the allegations contained in paragraph 23 of the Complaint except admit that the Rebbe became the spiritual leader of the Lubavitcher Chassidic movement and the President of Agudas, Machne and Merkos.

24.     Admit the allegations contained in paragraph 24 of the Complaint.

25.     Deny the allegations contained in paragraph 25 of the Complaint except admit that defendant Krinsky has served as a member of the Rebbe's secretariat and as corporate secretary of Agudas, Machne Israel and Merkos.

26.     Deny the allegations contained in paragraph 26 of the Complaint.

27.     Deny the allegations contained in paragraph 27 of the Complaint.

28.     Admit that defendant Krinsky was appointed by the Rebbe in his last will and testament to be the sole executor of his estate.

29.     Deny the allegations contained in paragraph 29 of the Complaint and state that defendant Krinsky has not made any claim that the Rebbe appointed him as the Rebbe's successor.

30.     Deny the allegations contained in paragraph 30 of the Complaint except state that in 1990 the corporate documents for Agudas, Machne and Merkos were amended by written amendments signed by the Rebbe and other directors of those corporations to provide for the management of Agudas, Machne and Merkos and refer the Court to those documents for the contents thereof.

31.     Deny the allegations contained in paragraph 31 of the Complaint and refer to the Court to the Answer to Paragraph 30 above.

32.     Deny the allegations contained in paragraph 32 of the Complaint.

33.     Deny the allegations contained in paragraph 33 of the Complaint.

34.     Deny the allegations contained in paragraph 34 of the Complaint.

35.     Deny the allegations contained in paragraph 35 of the Complaint.

36.     Deny the allegations contained in paragraph 36 of the Complaint.

37.     Deny the allegations contained in paragraph 37 of the Complaint.

38.     Deny the allegations contained in paragraph 38 of the Complaint.

39.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Complaint except admit that Vaad was authorized prior to 1994 to publish the weekly Sichos of the Rebbe under the close supervision and editorial control of the Rebbe.

40.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Complaint.

41.     Deny the allegations contained in paragraph 41 of the Complaint except admit that the Rebbe determined the suitability of certain works published by Vaad under the Kehot Publication Society name and copyright.

42.     Deny knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 42 of the Complaint except admit that the Rebbe on occasion had sponsored some of the weekly talks.

43.     Deny the allegations contained in paragraph 43 of the Complaint.

44.     Admit that Merkos purchased copies of certain Vaad publications prior to 1992 that Merkos sold to consumers at its bookstore on Eastern Parkway.

45.     Deny the allegations contained in paragraph 45 of the Complaint.

46.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Complaint except deny that Rebbe authorized or approved Vaad's ownership of the copyright in any works authored by the Rebbe and deny that Vaad was authorized by Merkos to continue publishing any works after 1994.

47.     Deny the allegations contained in paragraph 47 of the Complaint.

48.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Complaint except refer the Court to the copyright registration which bears Registration No. TX4-897-182 for the contents thereof.

49.     Deny the allegations contained in paragraph 49 of the Complaint.

50.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the Complaint.

51.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Complaint.

52.     Deny the allegations contained in paragraph 52 of the Complaint.

53.     Deny the allegations contained in paragraph 53 of the Complaint.

54.     Deny the allegations contained in paragraph 54 of the Complaint.

55.     Deny the allegations contained in paragraph 55 of the Complaint except admit that many disputes among members of the Chabad Chasidic Lubavitch community are adjudicated by a Beth Din (Rabbinical Court).

56.     Deny the allegations contained in paragraph 56 of the Complaint.

57.     Deny the allegations contained in paragraph 57 of the Complaint.

58.     Deny the allegations contained in paragraph 58 of the Complaint.

59.     Deny the allegations contained in paragraph 59 of the Complaint.

60.     Deny the allegations contained in paragraph 60 of the Complaint.

61.     Deny the allegations contained in paragraph 61 of the Complaint.

62.     Deny the allegations contained in paragraph 62 of the Complaint.

63.     Admit the allegations contained in paragraph 63 of the Complaint except deny that Plaintiff had authority to grant permission to copy the Likkutei Sichos or works derived therefrom.

64.     Deny the allegations contained in paragraph 64 of the Complaint except admit that Merkos has published and sold copies of the Likkutei Sichos that were originally published

and copyrighted in the name of the Kehot Publication Society as directed by the Rebbe.

65.     Deny the allegations contained in paragraph 65 of the Complaint except admit that Merkos has published and sold copies of the Likkutei Sichos that were originally published and copyrighted in the name of the Kehot Publication Society as directed by the Rebbe.

66.     Deny the allegations contained in paragraph 66 of the Complaint except admit that Merkos has published and sold copies of the Likkutei Sichos that were originally published and copyrighted in the name of the Kehot Publication Society as directed by the Rebbe.

67.     Deny the allegations contained in paragraph 67 of the Complaint.

68.     Deny the allegations contained in paragraph 68 of the Complaint except admit that Merkos has published and sold copies of the Likkutei Sichos that were originally published and copyrighted in the name of the Kehot Publication Society as directed by the Rebbe.

69.     Deny the allegations contained in paragraph 69 of the Complaint.

70.     Deny the allegations contained in paragraph 70 of the Complaint.

71.     Deny the allegations contained in paragraph 71 of the Complaint.

72.     Deny the allegations contained in paragraph 72 of the Complaint.

73.     Deny the allegations contained in paragraph 73 of the Complaint.

74.     Deny the allegations contained in paragraph 74 of the Complaint.

75.     Admit the allegations contained in paragraph 75 of the Complaint.

76.     Admit the allegations contained in paragraph 76 of the Complaint except refer the Court to the cited decisions of Judge Sifton and the Second Circuit for the full contents thereof.

77.     Deny the allegations contained in paragraph 77 of the Complaint.

78.     Deny the allegations contained in paragraph 78 of the Complaint.

79.     Deny the allegations contained in paragraph 79 of the Complaint.

80.     Deny the allegations contained in paragraph 80 of the Complaint.

81.     Deny the allegations contained in paragraph 81 of the Complaint.

82.     Deny the allegations contained in paragraph 82 of the Complaint.

83.     Deny the allegations contained in paragraph 83 of the Complaint.

84.     Deny the allegations contained in paragraph 84 of the Complaint.

85.     Deny the allegations contained in paragraph 85 of the Complaint except admit that Plaintiffs assisted the Kehot Publication Society with the printing and binding of books published by Kehot and that the expenses for the production of these books were paid by Merkos.

86.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 86 of the Complaint.

87.     Deny the allegations contained in paragraph 87 of the Complaint.

88.     Deny the allegations contained in paragraph 88 of the Complaint.

89.     Deny the allegations contained in paragraph 89 of the Complaint.

90.     Deny the allegations contained in paragraph 90 of the Complaint.

91.     Deny the allegations contained in paragraph 91 of the Complaint.

92.     Deny the allegations contained in paragraph 92 of the Complaint.

93.     Deny the allegations contained in paragraph 93 of the Complaint.

94.     Deny the allegations contained in paragraph 94 of the Complaint except admit that Merkos brought an action against Citibank and Chase Manhattan to recover funds that had been misappropriated from Merkos by Chanin and others that resulted the return of $315,000 in funds that had been improperly taken from Merkos.

95.     Deny the allegations contained in paragraph 95 of the Complaint

96.     Deny the allegations contained in paragraph 96 of the Complaint.

97.     Deny the allegations contained in paragraph 97 of the Complaint.

98.     Deny the allegations contained in paragraph 98 of the Complaint except admit that Special Master Beverly Cohen of the New York County Supreme Court issued a decision after trial denying Citibank's claim for indemnification against Reich and Chanin and refer the Court to the decision for the full contents thereof.

99.     Deny the allegations contained in paragraph 99 of the Complaint.

100.    With respect to the allegations contained in paragraph 100 of the Complaint, Defendants repeat and reallege their responses to the allegations contained in paragraphs 1

through 99 of the Complaint as if fully set forth herein.

101.    Deny the allegations contained in paragraph 101 of the Complaint except admit that Merkos has published and sold copies of the Likkutei Sichos that were originally published and copyrighted in the name of the Kehot Publication Society as directed by the Rebbe.

102.    Deny the allegations contained in paragraph 102 of the Complaint.

103.    Deny the allegations contained in paragraph 103 of the Complaint.

104.    Deny the allegations contained in paragraph 104 of the Complaint.

105.    Deny the allegations contained in paragraph 105 of the Complaint.

106.    Deny the allegations contained in paragraph 105 of the Complaint.

107.    With respect to the allegations contained in paragraph 107 of the Complaint, Defendants repeat and reallege their responses to the allegations contained in paragraphs 1 through 106 of the Complaint as if fully set forth herein.

108.    Admit the allegations contained in paragraph 108 of the Complaint.

109.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 109 of the Complaint.

110.    Deny the allegations contained in paragraph 110 of the Complaint.

111.    Deny the allegations contained in paragraph 111 of the Complaint.

112.    Deny the allegations contained in paragraph 112 of the Complaint.

113.    Deny the allegations contained in paragraph 113 of the Complaint.

114.    Deny the allegations contained in paragraph 114 of the Complaint.

115.    With respect to the allegations contained in paragraph 115 of the Complaint, Defendants repeat and reallege their responses to the allegations contained in paragraphs 1 through 114 of the Complaint as if fully set forth herein.

116.    Deny the allegations contained in paragraph 116 of the Complaint.

117.    Deny the allegations contained in paragraph 117 of the Complaint.

118.    Deny the allegations contained in paragraph 118 of the Complaint.

119.    With respect to the allegations contained in paragraph 119 of the Complaint, Defendants repeat and reallege their responses to the allegations contained in paragraphs 1 through 118 of the Complaint as if fully set forth herein.

120.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 120 of the Complaint.

121.    Deny the allegations contained in paragraph 121 of the Complaint.

122.    Deny the allegations contained in paragraph 122 of the Complaint.

123.    Deny the allegations contained in paragraph 123 of the Complaint.

124.    Deny the allegations contained in paragraph 124 of the Complaint.

125.    With respect to the allegations contained in paragraph 125 of the Complaint,

Defendants repeat and reallege their responses to the allegations contained in paragraphs 1 through 124 of the Complaint as if fully set forth herein.

126.    Deny the allegations contained in paragraph 126 of the Complaint.

127.    Deny the allegations contained in paragraph 127 of the Complaint.

128.    Deny the allegations contained in paragraph 128 of the Complaint.

129.    Deny the allegations contained in paragraph 129 of the Complaint.

130.    Deny the allegations contained in paragraph 130 of the Complaint.

131.    With respect to the allegations contained in paragraph 131 of the Complaint, Defendants repeat and reallege their responses to the allegations contained in paragraphs 1 through 130 of the Complaint as if fully set forth herein.

132.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 132 of the Complaint.

133.    Deny the allegations contained in paragraph 133 of the Complaint.

134.    Deny the allegations contained in paragraph 134 of the Complaint.

135.    Deny the allegations contained in paragraph 135 of the Complaint.

136.    Deny the allegations contained in paragraph 136 of the Complaint.

137.    Deny the allegations contained in paragraph 137 of the Complaint.

138.    Deny the allegations contained in paragraph 138 of the Complaint.

139.    With respect to the allegations contained in paragraph 139 of the Complaint, Defendants repeat and reallege their responses to the allegations contained in paragraphs 1 through 138 of the Complaint as if fully set forth herein.

140.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 140 of the Complaint.

141.    Deny the allegations contained in paragraph 141 of the Complaint.

142.    Deny the allegations contained in paragraph 142 of the Complaint.

143.    Deny the allegations contained in paragraph 143 of the Complaint.

144.    Deny the allegations contained in paragraph 144 of the Complaint.

145.    Deny the allegations contained in paragraph 145 of the Complaint.

146.    With respect to the allegations contained in paragraph 145 of the Complaint, Defendants repeat and reallege their responses to the allegations contained in paragraphs 1 through 145 of the Complaint as if fully set forth herein.

147.    Deny the allegations contained in paragraph 147 of the Complaint.

148.    Deny the allegations contained in paragraph 148 of the Complaint.

149.    Deny the allegations contained in paragraph 149 of the Complaint.

150.    Deny the allegations contained in paragraph 150 of the Complaint.

151.    Deny the allegations contained in paragraph 151 of the Complaint.

152.     Deny the allegations contained in paragraph 152 of the Complaint.

153.     Deny the allegations contained in paragraph 153 of the Complaint.

154.     With respect to the allegations contained in paragraph 154 of the Complaint, Defendants repeat and reallege their responses to the allegations contained in paragraphs 1 through 153 of the Complaint as if fully set forth herein.

155.     Deny the allegations contained in paragraph 155 of the Complaint except refer the Court to the cited rulings of the federal courts of the Eastern District of New York and the Second Circuit for the full contents thereof.

156.     Deny the allegations contained in paragraph 156 of the Complaint except admit that defendant Krinsky is a member, officer and director of Agudas.

157.     Deny the allegations contained in paragraph 157 of the Complaint.

158.     Deny the allegations contained in paragraph 158 of the Complaint.

159.     Deny the allegations contained in paragraph 159 of the Complaint.

160.     Deny the allegations contained in paragraph 160 of the Complaint.

161.     Deny the allegations contained in paragraph 161 of the Complaint.

162.     Deny the allegations contained in paragraph 162 of the Complaint.

163.     With respect to the allegations contained in paragraph 163 of the Complaint, Defendants repeat and reallege their responses to the allegations contained in paragraphs 1 through 162 of the Complaint as if fully set forth herein.

164.    Deny the allegations contained in paragraph 164 of the Complaint except state that the Lubavitcher Library was found to be a charitable trust in Agudas Chasidei Chabad of United States v. Gourary, 833 F.2d 431 (2d Cir. 1987) and refer the Court to this decision for the contents thereof.

165.    Deny the allegations contained in paragraph 165 of the Complaint.

166.    Deny the allegations contained in paragraph 166 of the Complaint.

167.    Deny the allegations contained in paragraph 167 of the Complaint.

168.    Deny the allegations contained in paragraph 168 of the Complaint.

169.    Deny the allegations contained in paragraph 169 of the Complaint.

170.    Deny the allegations contained in paragraph 170 of the Complaint.

171.    Deny the allegations contained in paragraph 171 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

172.    Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

## SECOND AFFIRMATIVE DEFENSE

173.    Plaintiff's claims are barred in whole or in part by the doctrines of acquiescence and waiver.

## THIRD AFFIRMATIVE DEFENSE

174.    Plaintiff's claims are barred in whole or in part by the doctrines of laches and estoppel.

## FOURTH AFFIRMATIVE DEFENSE

175.    Plaintiff does not have the exclusive right to publish the Likkutei Sichos and other works containing the talks of the Rebbe.

## FIFTH AFFIRMATIVE DEFENSE

176.    Plaintiff's claims are barred by its unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

177.    There is no signed transfer to Plaintiff as required to support its copyright claim.

## SEVENTH AFFIRMATIVE DEFENSE

178.    Plaintiff engaged in fraud on the Copyright Office in that on or about July 23, 1998, it intentionally made the false representation in its application for registration No. TX4 897-182 that it authored the subject work, and its misrepresentation was material in that in its absence registration would not have issued.

## EIGHTH AFFIRMATIVE DEFENSE

179.    The Likkutei Sichos is a work of joint authorship.  Defendant Merkos was authorized by one or more of the joint authors to publish and distribute the Likkutei Sichos.

NINTH AFFIRMATIVE DEFENSE

180.    Plaintiff's Second through Eighth Causes of Action are preempted by the United States Copyright Act.

TENTH AFFIRMATIVE DEFENSE

181.    Plaintiff's claims are barred in whole or in part by the doctrine of copyright misuse.

ELEVENTH AFFIRMATIVE DEFENSE

182.    Plaintiff's Second through Tenth Causes of Action fail to state a claim upon which relief may be granted.

TWELFTH AFFIRMATIVE DEFENSE

183.    Defendants do not have any fiduciary relationship with the Plaintiff.

THIRTEENTH AFFIRMATIVE DEFENSE

184.    Defendants have never made any agreement with Plaintiff to arbitrate the claims contained in the Complaint.

FOURTEENTH AFFIRMATIVE DEFENSE

185.    Defendants' actions were justified by their own business interests.

FIFTEENTH AFFIRMATIVE DEFENSE

186.    Plaintiff is not entitled to an award of punitive damages on the claims set forth in

the Complaint.

## SIXTEENTH AFFIRMATIVE DEFENSE

187.    Plaintiff lacks standing to bring the Ninth and Tenth Causes of Action in the

Complaint.

## FIRST COUNTERCLAIM

(On Behalf of Defendants Krinsky, Friedman and Merkos)

188.    This Court has jurisdiction over the subject matter of this Counterclaim pursuant

to the Federal Declaratory Judgment Act, 28 U.S.C. §§2201 and 2202 and the United States

Copyright Act, 15 U.S.C. §1121 as well as pursuant to its supplemental jurisdiction.

189.    This is an action for a declaratory judgment that Plaintiff's United States

copyright registration No. TX4 897-182 dated was fraudulently procured and is invalid.

190.    Defendant, Merkos L'Inyonei Chinuch, Inc. ("Merkos"), is a New York not-for-

profit religious corporation with its principal place of business at 770 Eastern Parkway,

Brooklyn, New York.  Merkos is in the business, among other things, of printing and distributing

religious, educational and scholarly publications.

191.    Defendant Chaim Yehuda Krinsky ("Krinsky") is Chairman of the Board of

Directors and corporate secretary of Merkos.

192.    Defendant Yossef B. Friedman ("Friedman") is an employee of defendant Merkos

and is responsible for supervising the operations of its division the Kehot Publication Society

("Kehot").

193.    Upon information and belief, Plaintiff, Vaad L'Hafotzas Sichos, Inc. (referred to hereafter as "Plaintiff" or "Vaad"), is a corporation organized under the laws of the State of New York and is located in Brooklyn, New York.  Vaad is in the business, among other things, of printing and distributing religious, educational and scholarly publications.

194.    Merkos operates as the publishing arm of the Chabad-Lubavitch Chasidic movement, which is dedicated to worldwide Jewish education and outreach.

195.    Merkos is engaged in the sale and distribution in interstate and foreign commerce of books and other publications both under its own name and under the name of the Kehot Publication Society.

196.    In the early 1970's, Plaintiff was authorized by Rabbi Menachem Mendel Schneerson ("the Rebbe") to print and distribute copies of weekly talks ("Sichos") given by the Rebbe under his editorial supervision.

197.    Upon information and belief, The Rebbe, in his capacity as President of Merkos, directed that such talks would be published and copyrighted in the name of the Kehot Publication Society.

198.    Until approximately 1997 or 1998, the title page of every volume of the Likkutei Sichos or other derivative works published by Plaintiff under the permission of the Rebbe stated that the books were published and copyrighted by the Kehot Publication Society.

199.    Commencing in 1997 or 1998, Plaintiff changed the title page on the volumes of the Likkutei Sichos and other books had been previously published in the name of the Kehot Publication Society to state "Published and Copyrighted by Vaad L'Hafotzas Sichos, Inc."

200.   Plaintiff was never authorized by defendant Merkos or the Kehot Publication Society to alter the title page of these books or to make the claim that Plaintiff was the publisher and owner of the copyright to the Likkutei Sichos and other works authored by the Rebbe that were derived from the Likkutei Sichos.

201.   Plaintiff was never granted the exclusive right to print and distribute the Sichos or other works authored by the Rebbe and, upon information and belief, there is no written or signed transfer of any exclusive rights from the Rebbe or others involved in the preparation of these works for publication to Plaintiff.

202.   On or about July 23, 1998, Plaintiff applied to register the copyright in the collection of the Rebbe's Sichos entitled and known as the Likkutei Sichos in the United States Copyright Office.

203.   In the application to register this copyright, Plaintiff falsely claims to be the author of the compilation, editing and translation of lectures (the Sichos) contained in the Likkutei Sichos.

204.   Upon information and belief, Plaintiff is not the author of the Likkutei Sichos and had no written or signed transfer of the copyright or exclusive rights to make copies of the work from any author of the Likkutei Sichos.

205.   Plaintiff's misrepresentation that it was the author of the work was intentional and was done for the purpose of inducing the Copyright Office to issue the registration of copyright.

206.   Plaintiff's misrepresentations were material in that the Copyright Office would not have issued the registration of copyright to Plaintiff but for these misrepresentations.

207.   Plaintiff's copyright registration No. TX4 897-182 is invalid and unenforceable.

WHEREFORE, Defendants demand judgment dismissing the Complaint in all respects and judgment upon their Counterclaim declaring that Plaintiff's copyright registration No. TX4 897-182 is invalid and unenforceable, and awarding Defendants such other relief as the Court may deem just and proper including an award of reasonable attorneys fees and the costs and disbursements of this action.

Dated: New York, New York
          January 27, 2012

                                        COWAN LIEBOWITZ & LATMAN, P.C.

                                  By:   _____
                                        J. Christopher Jensen, Esq.(jcj@cll.com)

                                        1133 Avenue of the Americas
                                        New York, N.Y. 10036-6799

                                        Attorneys for Defendants