UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
VAAD L'HAFOTZAS SICHOS, INC., et al.,      MEMORANDUM
            Plaintiffs,     AND ORDER

    - against -
CHAIM YEHUDAH KRINSKY, et al.,     11-CV-5658 (FB) (JO)
            Defendants.
-----------------------------------------------------------X

James Orenstein, Magistrate Judge:

    I grant the defendants' motion to quash the plaintiffs' subpoena served upon America Online, Inc. ("AOL") for documents and information pertaining to defendant Yosef B. Freidman ("Friedman"). Notwithstanding the plaintiffs' arguments, I conclude that Friedman has standing to challenge the subpoena (even if his co-defendants do not). *See*, *e.g.*, *Crispin v. Christian Audigier, Inc.*, 717 F. Supp. 2d 965, 974 (C.D. Cal. 2010) (holding that individual had standing to move to quash subpoena to third-party internet service providers for individual's emails); *Chasten v. Franklin*, 2010 WL 4065606, at *1-2 (N.D. Cal. Oct. 14, 2010) (same); *J.T. Shannon Lumber Co., Inc. v. Gilco Limber, Inc.*, 2008 WL 3833216 (N.D. Miss. Aug.14, 2008) (same); *see also In re Rule 45 Subpoena Issued to Cablevision Systems Corp.*, 2010 WL 2219343, at *4-5 (E.D.N.Y. Feb. 5, 2010) (finding that non-party had standing to challenge subpoena issued to third-party internet service provider seeking information regarding his identity).

    I also reject as frivolous the plaintiffs' contention that the defendants' waived any substantive objection to the subpoena by successfully objecting to its predecessor on the purely procedural ground that it had been served without notice to them. As the plaintiffs' own submission makes clear, there was no live dispute before the court with respect to the first subpoena because the plaintiffs agreed to "withdraw and re-serve the subpoena with simultaneous notice." Docket

Entry ("DE") 79 at 4 (reprinting transcript of proceedings dated Aug. 17, 2012, at 79). The case law the plaintiffs cite is therefore plainly inapposite.

More substantively, as the defendants argue and the plaintiffs do not contest, the subpoena improperly seeks disclosure of the contents of Friedman's emails, in violation of the Electronic Communications Privacy Act, 18 U.S.C. § 2701 *et seq.* ("ECPA").[1] *See In re Subpoena Duces Tecum to AOL, LLC*, 550 F. Supp. 2d 606, 609 (E.D. Va. 2008) (holding that ECPA's "plain language … prohibit[ed] AOL from producing" emails in response to a similar civil discovery subpoena"); *accord Special Markets Ins. Consultants, Inc. v. Lynch*, 2012 WL 1565348, at *2 (N.D. Ill. May 2, 2012); *Chasten*, 2010 WL 4065606, at *2; *J.T. Shannon Lumber Co., Inc.*, 2008 WL 3833216, at *1-2.

With respect to the subpoena's remaining demands for "log on/log off times" since January 1, 2012, and for documents and information relating to the status and opening or closing dates of "[a]ny and all" email or instant messaging accounts "belonging to or associated with" Friedman, I conclude that the subpoena is overbroad and not reasonably calculated to lead to the discovery of admissible evidence; it will almost certainly yield a great deal of irrelevant information, much of which may be personal or privileged. *Cf. Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 50 (S.D.N.Y. 1996) ("to the extent a subpoena sweepingly pursues material with little apparent or likely relevance to the subject matter it runs the greater risk of being found overbroad and unreasonable") (*quoting United States v. International Business Machines Corp.*, 83 F.R.D. 97, 106-07 (S.D.N.Y. 1979)). Indeed, the subpoena seeks such information not only with respect to the defendant Yosef B. Freidman, but also with respect to the many other persons who have no connection to this case other than residing in the state of New York and sharing Friedman's

---

[1] AOL has already refused to comply with the subpoena's demand for emails on the ground that such production would violate ECPA. *See* DE 78-3 (Letter from AOL to plaintiff's counsel).

surname and a similar first name. *See* Docket Entry 76-1 at 9-10 (subpoena's demands for three categories of information not only for accounts associated with specific email addresses associated with defendant Friedman, but also for all AOL email and instant messaging accounts "belonging to or associated with an individual residing in New York named Yosef B. Friedman, Yosef Friedman, Yossef Friedman, Yossef B. Friedman, Joseph Friedman, Joe Friedman, Rabbi Friedman, and/or Rabbi Yosef Friedman"). As such it is plainly overbroad.[2]

Finally, the subpoena fails to comply with Rule 45 of the Federal Rules of Civil Procedure, which requires that subpoenas for production or inspection of documents issue "from the court for the district where the production or inspection is to be made." Fed. R. Civ. P. 45(a)(2)(C). Here, the subpoena is directed to a company located in the Eastern District of Virginia and demands that responsive documents be produced in the Southern District of New York.

For the foregoing reasons, I grant the motion to quash the subpoena. I direct the plaintiffs to provide a copy of this order to AOL and to file proof of such service on the docket no later than September 11, 2012.

SO ORDERED.

Dated: Brooklyn, New York
September 6, 2012

/s/
JAMES ORENSTEIN
U.S. Magistrate Judge

---

[2] While I do not purport to prove my conjecture with definitive evidence, it is at least illustrative of the subpoena's overbreadth that one web site lists 32 professionals named Joseph Friedman or Joe Friedman in the New York City area. *Joseph Friedman – Greater New York City Area Profiles*, http://www.linkedin.com/pub/dir/Joseph/Friedman/us-70-Greater-New-York-City-Area (last visited September 6, 2012).