UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
VAAD L'HAFOTZAS SICHOS, INC., et al.,

**MEMORANDUM AND ORDER**

11-CV-5658 (FB) (JO)

Plaintiffs,

-against-

CHAIM YEHUDAH KRINSKY, et al.,

Defendants.
---------------------------------------------------------------x

*Appearances:*
*For the Plaintiffs:*
JONATHAN COHEN
PRISCILLA CHENG
ELIE BRANDON GOLD
MITCHELL C. SHAPIRO
DAWN LYNETTE YUSTER
LAW OFFICES OF MITCHELL C.
SHAPIRO
245 West 17th Street, 5th Floor
New York, NY 10011

*For Defendants Merkos L'Inyonei Chinuch,*
*Inc. and Merkos Lyinyonei Chinuch:*
DAVID HOSP
GOODWIN PROCTOR LLP
Exchange Place
53 State Street
Boston, MA 02109

*For Defendants Yehudah Krinsky, Yossef*
*Friedman, and Agudas Chasidei Chabad of*
*the United States:*
CHRISTOPHER JENSEN
COWAN, LIEBOWITZ & LATMAN, P.C.
1133 Avenue of the Americas
New York, NY 10036

**BLOCK, Senior District Judge:**

Plaintiffs Vaad L'Hafotzas Sichos, Inc. and Zalman Chanin ("plaintiffs") appeal from the August 17, 2012 discovery order of Magistrate Judge James Orenstein denying with prejudice plaintiffs' outstanding motions to compel and motion for a protective order. As discussed briefly below, the Court affirms Magistrate Judge Orenstein's discovery order in full.

A discovery ruling by a magistrate judge is a non-dispositive matter, and as such the Court will only set aside an order "that is clearly erroneous or is contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *see also Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990). This is a highly deferential standard. Magistrate judges have broad discretion in resolving discovery matters, and a party seeking to overturn a discovery order "generally bears a heavy burden." *Mental Disability Law Clinic v. Hogan*, 739 F. Supp. 2d 201, 203-04 (E.D.N.Y. 2010).

Plaintiffs have filed Rule 72(a) objections to Magistrate Judge Orenstein's recommendation, and appeal from the following rulings: (1) denial of plaintiffs' motion to compel defendants Chaim Yehudah Krinsky, Yossef Friedman, Merkos L'Inyonei Chinuch, Inc., Merkos Lyinyonei Chinuch, and Agudas Chasidei Chabad of the United States ("defendants") to conduct a new search for documents from Rabbi Sharfstein, the deputy of Rabbi Krinsky, and Rabbi Friedman; (2) denial of plaintiffs' motion to compel a file search of defendants' webmaster, system administrator, bookkeeper, and unidentified bookstore employees; (3) denial of plaintiffs' motion to compel defendants' production of board and committee meeting minutes dating back to 1994; (4) denial of plaintiffs' motion to compel defendants' production of correspondence to/from Rabbi Menachem Mendel Schneerson and to/from Rabbi Hodakov from 1994 to the present; (5) denial of plaintiffs' motion to compel defendants' production of financial information from 1990 to the present; and (6) quash of plaintiffs' subpoena of America Online, Inc.

After reviewing the parties' submissions in this matter, as well as the transcript

2

of Magistrate Judge Orenstein's discovery hearing, during which he ruled on the motions to compel and motion for a protective order, the Court is unable to find any error, clear or otherwise, in the Magistrate Judge's discovery rulings. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). During the hearing, Magistrate Judge Orenstein fully considered and addressed the entirety of plaintiffs' "voluminous submissions" concerning the outstanding discovery matters. August 17, 2012 Transcript of Discovery Hearing at 18. Further, plaintiffs have not presented the Court with any reason to believe that defendants have failed to search for and produce documents in a good faith manner that are responsive to plaintiffs' numerous discovery requests. The Court agrees with Magistrate Judge Orenstein that plaintiffs' motions to compel are "overbroad" in the documents they seek, Tr. at 11, 17, 18, and going forward urges the parties to work together in a collaborative manner to resolve any discovery disputes. Defendants have indicated they are more than willing to work with plaintiffs to conduct additional, narrowly tailored searches, and the Court fully believes that any future disputes are capable of being resolved by the parties without further judicial intervention. Accordingly, Magistrate Judge Orenstein's August 17, 2012 discovery order is affirmed in whole.

**SO ORDERED.**

FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
December 18, 2012