UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
VAAD L'HAFOTZAS SICHOS, INC.,
and ZALMAN CHANIN,

  Plaintiffs,

-against-           **MEMORANDUM AND ORDER**
                Case No. 11-CV-5658 (FB) (JO)

CHAIM YEHUDAH KRINSKY,
YOSSEF B. FRIEDMAN, MERKOS
L'INYONEI CHINUCH, INC.,
MERKOS L'INYONEI CHINUCH,
AGUDAS CHASIDEI CHABAD OF
THE UNITED STATES, and "JOHN
DOES 1-10",

  Defendants.
---------------------------------------------------x

**BLOCK, Senior District Judge:**

  Pursuant to Federal Rule of Civil Procedure 72(a), plaintiffs appeal a discovery order entered by Magistrate Judge Orenstein on January 17, 2014. Since the order deals with a non-dispositive matter, the Court's review is limited to determining whether the order is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). This highly deferential standard of review acknowledges that a magistrate judge has broad discretion in resolving discovery disputes. *See, e.g., Mental Disability Law Clinic v. Hogan*,

739 F. Supp. 2d 201, 203-04 (E.D.N.Y. 2010) (noting that party challenging discovery order "generally bears a heavy burden").

Having reviewed the record and the parties' submissions, the Court concludes that Magistrate Judge Orenstein's order was neither erroneous—clearly or otherwise—nor contrary to law. Accordingly, it is affirmed.

I

The Court need not recount the protracted and often contentious procedural history of this case. It suffices to say that plaintiffs allege that they have the exclusive right to reproduce the teachings of the late Lubavitcher Rebbe, Menachem Mendel Schneerson ("the Rebbe"), and that defendants have misappropriated that right. They further allege that defendants have denied them access to the Lubavitcher Library.

During discovery, plaintiffs sought, among many other document requests, all correspondence to and from the Rebbe. On August 17, 2012, Magistrate Judge Orenstein denied the request as overbroad; the Court affirmed.

Defendants subsequently moved to amended their answer to allege, as an affirmative defense, that the Rebbe was the sole author of the works

2

at issue. Magistrate Judge Orenstein granted that motion at a status conference on December 16, 2013. He then turned to outstanding discovery issues, in particular the parties' respective demands for documents in the Rebbe's handwriting. After expressing frustration that counsel had parsed his prior orders to avoid compliance with their spirit, he broadly ordered each side to disclose all documents bearing the Rebbe's handwriting. *See* Tr. of Dec. 16, 2013, at 49 ("On either side if you have the Rebbe's handwriting exchange them."). When defense counsel objected that the documents fell within the scope of the previously denied requests to produce, Magistrate Judge Orenstein pointed out the changed circumstances:

> [Defendants have] introduced a new affirmative defense saying the Rebbe is the sole author of these works. . . . If you've got his handwriting, provide it. . . . On either side if you think [a particular document] is wishing somebody well on a Bar Mitzvah . . . it should be provided to me under seal with an affidavit, with a translation explaining what it is and why you don't want to provide it.

*Id.* at 50.

Defendants sought reconsideration, arguing that the December 16th order "inadvertently ordered the production of almost 100,000 pages of documents that contain the Rebbe's handwriting but bear no relationship

3

to this lawsuit and include documents protected by the clergy-communicator privilege." Letter from Jonathan A. Auerbach (Dec. 30, 2013). While the motion was pending, plaintiffs submitted for *in camera* inspection roughly 20 documents bearing the Rebbe's handwriting, but of questionable relevance. At a status conference on January 17, 2014, Magistrate Judge Orenstein agreed that the documents—which were principally congratulatory notes—were "absolutely irrelevant to the dispute." Tr. of Jan. 14, 2014, at 11.

Plaintiffs' *in camera* production informed Magistrate Judge Orenstein's analysis of the motion for reconsideration:

> It was never my intention to impose that kind of burden for such irrelevance. If I've done that on the plaintiff's side I now see the error of doing so and I sincerely apologize for that but I don't want to compound the mistake.
>
> My view of this is that regardless of whether the plaintiffs said they wanted more discovery on the new affirmative defense or not to the extent that the defendants are litigating the case on the theory that the Rebbe is the sole author of the disputed works to the extent there are documents with his handwriting that show his editorial control those should be produced.
>
> To the extent that there are completely irrelevant documents of the sort that I've reviewed ex parte *in camera* from the plaintiffs that are personal notes or personal advice is simply not part of this litigation and I don't want them produced either to the

> defendants or -- to the plaintiffs or to me *in camera* for review. That would be a useless task as would the plaintiff's suggestion of putting everybody in a room closed, I suppose a somewhat airless room for three weeks to sit together which I think might lead to more disputes that we don't need.
>
> So I am reconsidering and on reconsideration I limit my order to one that the defendants produce if they have not already done so any handwritten documents of the Rebbe's that relate to editorial control of the disputed works but that's it.

*Id.* at 12-13.  Plaintiffs sought reconsideration of the January 14th order, which Magistrate Judge Orenstein denied.  Plaintiffs then appealed.

## II

Plaintiffs object that the January 14th order was based on an overly narrow definition of relevance.  In particular, they argue that the order's limitation to documents "that relate to editorial control of the disputed works," *id.* at 13, incorrectly characterizes the case as a copyright infringement action and ignores plaintiffs' numerous other claims.

The sole basis for allowing discovery of documents in the Rebbe's handwriting was defendants' newly added affirmative defense regarding authorship of the disputed works.  But for that change in circumstances, Magistrate Judge Orenstein quite reasonably declined to revisit his prior ruling—affirmed by the Court—that plaintiffs' requests for such

5

documents were overbroad. Since the change in circumstances was limited to a new issue regarding authorship, the limitation to the same issue in the January 14th order was based on a correct concept of relevance.

Plaintiffs further object that Magistrate Judge Orenstein required them to comply with the December 16th order, while excusing defendants from their reciprocal obligation. Magistrate Judge Orenstein candidly acknowledged burdening plaintiffs, but his decision not to "compound the mistake," *id.* at 12, was entirely appropriate. It is nonsensical—and, frankly, mean-spirited—to invoke some abstract concept of reciprocity to say that one side must engage in a burdensome search for irrelevant documents just because the other side has.

### III

For the foregoing reasons, the January 14th order is affirmed.

**SO ORDERED.**

 /s/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
July 25, 2013